UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **JAMES JACOB JONES** | **CIVIL ACTION NO. 18-1193** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **LA BOARD OF PROBATION AND PAROLE** | **MAG. JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

Petitioner James J. Jones, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se and in forma pauperis, filed the instant Petition for writ of habeas corpus on August 28, 2018, under 28 U.S.C. § 2254. He challenges his release on parole and seeks, primarily, unconditional release from all terms and conditions of parole.[1] For reasons that follow, it is recommended that Petitioner's Petition be denied and dismissed with prejudice as time-barred under 28 U.S.C. § 2244(d)(1).

Background

Petitioner alleges that, on approximately March 28, 2013, he pled guilty to simple burglary. [doc. #s 1, p. 1; 8-1, p. 2]. On July 11, 2013, a judge for the Fourth Judicial District Court, Parish of Morehouse, sentenced him to eight years imprisonment.[2] *Id.*

Petitioner was released from incarceration "as if released on parole" on March 25, 2014,

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

[2] Petitioner did not appeal the conviction or sentence, and he did not seek collateral review. *Id.* at 2-5.

pursuant to Louisiana Revised Statute § 15:571.5(A).[3] [doc. # 1-2, p. 3]. However, he alleges that, because the Louisiana Department of Public and Safety and Corrections ("DPSC") thought he was subject to a detainer, he was released to the custody of the Arkansas Department of Correction. *Id.* From what the Court can glean, he was previously charged in Arkansas with breaking and entering. [doc. # 8, p. 2]. He was convicted of the Arkansas charge on April 6, 2014, and he received a 3-year sentence. *Id.* at 1-2. The Arkansas Department of Correction released Petitioner on February 7, 2017. *Id.* at 2.

On May 20, 2017, Petitioner was arrested in Arkansas on charges of "stalking and terrorist threat." *Id.* Petitioner pled guilty, and the Arkansas court sentenced him to six years of probation. *Id.*

Petitioner obtained permission from the Arkansas court to travel to Morehouse Parish, Louisiana to visit an ill family member. *Id.* at 4. While in Morehouse Parish, he was "stopped and picked up [on a] detainer for [a] parole violation . . . ." *Id.* His parole was revoked on September 14, 2017, and he is currently incarcerated in Louisiana. [doc. # 8, p. 1]. He did not appeal his parole revocation or seek collateral review, but he did pursue "his only available administrative remedies . . . ." [doc. # 1, p. 5].

In the instant Petition, Petitioner essentially claims that, instead of parole, he should have been released unconditionally. He first claims that he had an agreement with the DPSC that he would forego his incentive wages in exchange for a diminution of sentence in the form of good-time credit earned at a rate of 30 days of credit for every 30 days in custody. [doc. # 1-2, pp. 7-

---

[3] LA. REV. STAT. § 15:571.5(A) provides, "When a prisoner committed to the Department of Public Safety and Corrections is released because of diminution of sentence pursuant to this Part, he shall be released as if released on parole."

8]. The "contract," as Petitioner refers to it, made no mention of LA. REV. STAT. § 15:571.5 and did not state that, upon earning good-time credit, he would be released "as if released on parole." *Id.* at 8. He claims that he fulfilled his agreement and earned four years of good-time credit for the four years he was incarcerated. He also claims that, by foregoing incentive wages, he bought good-time credit. *Id.* at 10. Under his logic, he "diminished" or reduced his eight-year sentence to a four-year sentence, and he was therefore entitled to unconditional release on March 25, 2014. *Id.* at 8, 11.

Relatedly, Petitioner claims that, on the day of his release, he was forced to choose between remaining in prison or signing a second "contract" and agreeing to release subject to parole conditions. [doc. #s 1-2, pp. 9-10; 8-1, p. 3]. He construes this as a form of duress. [doc. # 1-2, pp. 9, 12]. He then reiterates that, after he served four years of imprisonment, he earned four years of good-time credit, which entitled him to an unconditional release. He adds that the Louisiana Board of Pardons and Parole ("the Board") cannot enforce this second "contract" because the Board did not sign it. *Id.* at 11.

Petitioner also challenges the constitutionality of LA. REV. STAT. § 15:571.5, claiming that it violates due process, that its application results in double jeopardy, that it violates his right to equal protection, and that it violates the ex post facto clause. *Id.* at 3.

Ultimately, Petitioner claims that he "is being illegal[ly] held" because the "Louisiana State Probation & Parole had no liberty right or [] authority to impose [] parole . . . ." [doc. # 8, p. 3]. He seeks monetary compensation, reimbursement for all parole fees, a stay of a Board proceeding, a declaration that LA. REV. STAT. § 15:571.5 is unconstitutional, and release from incarceration without any form of parole supervision. [doc. # 1-2, p. 13].

**Law and Analysis**

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitation for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. The limitation period in 28 U.S.C. § 2244(d) "run[s]" from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); see *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (opining, where a petitioner argued that "conditions of parole should not have been imposed in connection with his 1976 convictions because the sentences were fully discharged at the time he was placed on parole in 2012," that the district court did not err in finding the petitioner's claim time bared under 28 U.S.C. § 2244(d)(1)).[4]

Here, Petitioner does not challenge the validity of his conviction; rather, he challenges the imposition of parole. Section 2244(d)(1)(D) applies to "claims predicated on parole

---

[4] See also *Bernard v. Hunter*, 2006 WL 2506140, at *2 (E.D. La. Aug. 29, 2006) (recognizing that challenges to parole decisions are "measured not from the finality of the defendant's underlying conviction under § 2244(d)(1)(A), but from the date on which the factual predicate of the parole challenge could have been discovered through the exercise of due diligence."); *Reynolds v. Cain*, 2010 WL 3396889, at *2 (M.D. La. July 20, 2010), report and recommendation adopted, 2010 WL 3396890 (M.D. La. Aug. 25, 2010).

decisions." *Goodwin v. Dretke*, 118 F. App'x 817, 818 (5th Cir. 2004) ("*Goodwin II*"); see *Goodwin v. Dretke*, No. 02-41690 (5th Cir. June 19, 2004) ("*Goodwin I*").[5] In that respect, Petitioner could have discovered the factual predicate of his claim—that he was subject to conditions of parole—on March 25, 2014, the day of his release on parole and the day he agreed to release subject to parole conditions.[6] [doc. #s 1-2, pp. 9-10; 8-1, p. 3].[7]

Petitioner, therefore, had one year, or until March 25, 2015, to file a federal habeas corpus petition. Petitioner did not file the instant Petition until August 28, 2018. [doc. # 1, p. 15]. Thus, his claims are barred by the one-year limitation period unless he extended the March

---

[5] See also *Graves v. Dretke*, 2005 WL 2778543, at *2 (N.D. Tex. Oct. 25, 2005), report and recommendation adopted, 2005 WL 3107689 (N.D. Tex. Nov. 18, 2005) (observing in a case involving parallel allegations that, because the petitioner's "claims relate to circumstances surrounding his placement on, and later removal from, mandatory supervision, the limitations period began to run on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"); *Simmons v. Wilkinson*, 2008 WL 521366, at *2 (W.D. La. Feb. 6, 2008) ("[S]ince petitioner did not challenge his underlying conviction, . . . the limitations period for any attack on the revocation of his parole began on 'the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.'"); *Williams v. 19th Judicial E. Baton Rouge*, 2012 WL 1014819, at *3 (E.D. La. Jan. 27, 2012), report and recommendation adopted, 2012 WL 1014831 (E.D. La. Mar. 23, 2012); *Robinson v. Sec'y, Dep't of Corr.*, 2017 WL 2559659, at *3 (M.D. Fla. June 13, 2017).

[6] See *Johnson v. Drew*, 2016 WL 1408111, at *3 (N.D. Tex. Apr. 6, 2016), aff'd in part, vacated in part, remanded sub nom, *Johnson v. Davis*, 697 F. App'x 274 (5th Cir. 2017) (finding, where a petitioner challenged his release on parole, that the limitations period "began to run . . . [on] the date petitioner was released to parole . . . ."); *Serrano v. Louisiana*, 2010 WL 2696852, at *7 (E.D. La. May 24, 2010), report and recommendation adopted, 2010 WL 2696855 (E.D. La. June 30, 2010) (finding that "the one-year statute of limitations would begin to run on November 30, 2003, the day after [the petitioner] was released on parole and should have been aware of the DOC's calculation errors.").

[7] Nothing in the record suggests that any state-created impediments prevented the filing of this Petition. See 28 U.S.C. § 2244(d)(1)(B). In addition, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See *id.* § (d)(1)(C).

25, 2015 deadline through statutory or equitable tolling.

## I. Statutory Tolling

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only for as long as the state application remains pending. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not seek post-conviction or other collateral review. [doc. # 1, pp. 2-13]. Thus, he did not statutorily toll the period of limitation. Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances.

## II. Equitable Tolling

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

6

*Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing supports equitable tolling here. Accordingly, the Petition is untimely under 28 U.S.C. § 2244(d)(1)(D).

### III. Monetary Relief

Petitioner's requests for monetary relief are not cognizable in this habeas action; rather, they are only cognizable in a civil rights proceeding under 42 U.S.C. § 1983. See *Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) ("If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release—the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is not an appropriate or available federal remedy.").

"[I]n instances in which a petition combines claims that should be asserted in habeas with claims that properly may be pursued as an initial matter under § 1983, and the claims can be separated, federal courts should do so, entertaining the § 1983 claims." *Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 1112, 1119 (5th Cir. 1987). Here, Petitioner presents inseparable claims: while he seeks habeas relief and monetary compensation, the claims for which he seeks these forms of relief are identical. Thus, the Court should decline to redesignate Petitioner's pleading as a civil rights complaint. Moreover, redesignating the pleading would obligate Petitioner to pay an additional filing fee. Petitioner alone must decide if he wishes to pursue monetary relief in a separate civil rights proceeding.

If Petitioner desires to pursue a civil rights action, he must file a separate proceeding, utilizing the appropriate complaint form. Petitioner should be cognizant that, to file a separate

civil rights proceeding, he must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis.[8] Petitioner should likewise be cognizant that, under *Heck v. Humphrey*, 512 U.S. 477 (1994), a successful civil rights action that would necessarily imply the invalidity of a plaintiff's conviction or sentence must be dismissed unless the plaintiff first shows that the conviction or sentence has been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus.

Accordingly, as Petitioner's requests for monetary relief are not cognizable in a federal habeas corpus action, they should be dismissed.

## Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that Petitioner James Jacob Jones' Petition for habeas corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d)(1).

**IT IS FURTHER RECOMMENDED** that Petitioner's claims for monetary relief be **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that Petitioner's "Motion for Stay of State Proceedings and Declaratory Judgment," [doc. # 3], and "Motion for Production of Documents," [doc. # 4], be **DENIED AS MOOT**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may

---

[8] Petitioner is advised that the cost of litigating a civil rights action under Section 1983 is significantly higher than the cost of litigating a habeas corpus proceeding.

respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

In Chambers, Monroe, Louisiana, this 11th day of October, 2018.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE